Attorneys not given.

---

### No. 330
### WEEKS v. HERSMAN
Ohio Appeals, 9th Dist., Summit County
No. 803.   Decided Feb. 29, 1924

118.   AUTOMOBILES—Verdict held not manifestly against weight of evidence—Where special request mistates the law of vehicles at street intersections, court must properly refuse to give such request.

1235.   VERDICT—Where a jury fails to return a verdict against one or both of two joint defendants, objection must be made at time, or the error will be deemed waived.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover for damages to an automobile. In April, 1922, Weeks was driving his automobile in an easterly direction on Carroll Street in the City of Akron. As Weeks approached the street intersection he turned to the left and drove into the street which ran at right angles to Carroll Street. Burbeck was driving his machine in a westerly direction on Carroll Street at the time. As he approached the intersection he observed Weeks turning and then swerved his car to the left, passed the rear of Weeks' car and side swiped the car of Hersman, which had been following Weeks' car on Carroll Street. Hersman sued Week and Burbeck and the jury returned a verdict in favor of plaintiff against Weeks and exonerated Burbeck. Weeks prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. While there is a sharp conflict in the evidence, it cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence.

2. No error was committed by the court in refusing to give special request No. 5 because it is not the law that as against an innocent third person the driver of an automobile who first reaches an intersection has an absolute right as a matter of law to proceed on his course regardless of how close to the intersection another automobile may be which is approaching said intersection at right angles.

3. The jury had a perfect right to return a verdict against one or both tort feasors and if the jury failed to return a verdict either in favor of or against one of the defendants, objection to the verdict should have been made at the time the verdict was returned, and a failure to call the court's attention to such irregularity must be deemed a waiver on the part of the defendant.

Attorneys—Waters, Andress, Southworth, Wise & Maxon and Paul C. Weick, for Weeks; Sheck, Lahrmer, Stevens & Hadley, for Hersman; all of Akron.

---

### No. 331
### TRIESTER v. STONER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4812.   Decided Feb. 11, 1924

855.   NUISANCES—Submission of photographs to show other similar conditions in same city, held erroneous.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought in the Municipal Court of Cleveland by Jennie Triester against Stoner for personal injuries. Stoner was the owner and operator of a restaurant in the City of Cleveland. As the plaintiff was walking by defendant's place of business she was suddenly, without any warning, struck and injured by the swinging out in her face of a door 18 or 20 inches wide, which swung out across the sidewalk. The sidewalk was a narrow walk at this place. The plaintiff was walking close to the building at the time The court permitted the defendant to introduce a great many photographs taken from different places over the city showing doors which opened outward. As the lower court rendered a judgment for defendant, plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. We think it clearly erroneous for the court to admit these photographs, as the question as to whether this was a nuisance or not depended on the situation at this particular place and the fact that there were similar doors in other places in the city did not make it any the less a nuisance.

Attorneys — Bernsteen & Bernsteen, for Triester; Stanley and Horwitz, for Stoner; all of Cleveland.